# In the United States Court of Federal Claims

### (Pro Se)

|  |  |  |
|---|---|---|
| KARTEAU OMAR JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-166C |
| v. | ) | (Filed: March 23, 2020) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Mr. Jenkins is currently incarcerated at Liberty County Jail and has filed this civil action

pro se against the United States. On February 20, 2020, the Court notified Mr. Jenkins that

within thirty days (by March 23, 2020) he must either pay $400 in fees (a $350.00 filing fee plus

a $50.00 administrative fee), or request authorization to proceed without prepayment of fees by

submitting an application to proceed in forma pauperis ("IFP") and a Prisoner Authorization

Form. See U.S.C. §§ 1914, 1915. Pursuant to 28 U.S.C. § 1915(b)(1), if the Court grants a

prisoner's IFP application, the prisoner is still required to pay the full $350.00 filing fee in this

civil action.[1] See Skinner v. Switzer, 562 U.S. 521, 535 (2011) (28 U.S.C. § 1915(b)(1) requires

any prisoner proceeding IFP to pay the full filing fee out of percentage of prisoner's prison trust

account).  If granted leave to proceed IFP, plaintiff is entitled to pay the filing fee over time

through the payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. §

---

[1] The $50.00 administrative fee for filing a civil action does not apply to prisoners granted IFP
status under 28 U.S.C. § 1915.

1915(b)(1) and/or through periodic payments from the plaintiff's inmate trust account as authorized in 28 U.S.C. §1915(b)(2). The Court is also required by the statute to assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six months immediately preceding the date of the filing of the civil action.

On March 2, 2020, Mr. Jenkins submitted his IFP application, but he did not attach a certified copy of his trust fund account statement or the "Prisoner Authorization form" authorizing the facility where he is incarcerated to deduct the filing fee from his account. <u>See</u> Docket No. 6. Mr. Jenkins' claim must therefore be **DISMISSED** without prejudice for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

<u>*Elaine D. Kaplan*</u>
ELAINE D. KAPLAN
Judge